IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| v. | \* | |
| **CRYSTAL PEAKS** | \* | Criminal No.: 24-po-4744 |

...oOo...

## JOINT MOTION TO CONTINUE TRIAL DATE

The United States of America, by its undersigned counsel, hereby moves this Court to reschedule the trial date in this case from May 1, 2025, to September 3, 2025, and in support states the following:

1. This case is set for trial on May 1, 2025.

2. The parties are jointly requesting additional time to continue plea discussions, which will hopefully enable the parties to resolve the case without proceeding to trial.

3. One prior trial date has been continued in this case.

4. The defendant's counsel joins in this request. The parties request a new trial date of September 3, 2025.

5. The Speedy Trial Act does not apply to Class B misdemeanors. *See*, *e.g.*, *United States v. Boyd*, 214 F.3d 1052, 1053 (9th Cir. 2000) ("the issuance of a violation notice does not trigger the Speedy Trial Act"); *United States v. Graef*, 31 F.3d 362, 364 (6th Cir. 1994) (same). To hold otherwise "would create a substantial and undue burden on the government." *Boyd*, 214 F.3d at 1057. Thus, a Class B misdemeanor defendant asserting a Sixth Amendment speedy trial violation must satisfy a higher burden than a defendant charged by complaint or indictment. *See United States v. Gurara*, No. 19-po-5552, 2021 WL 5909107, at \*2 (D. Md. Dec. 14, 2021).

6. The standard for evaluating a request to continue a trial date is "good cause." *United States v. Trotman*, 406 F. App'x 799, 806 (4th Cir. 2011). Factors to be considered in determining good cause

are the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Credle v. United States*, No. 11-CV-03610-AW, 2012 WL 1431544, at *3 (D. Md. Apr. 23, 2012) (quoting *Tawwaab v. Va. Linen Serv.*, *Inc.*, 729 F.Supp.2d 757, 768–69 (D.Md.2010)).  The unavailability of a witness generally constitutes good cause for a continuance.  *See Trotman*, 406 F. App'x at 806 (excluding time under the Speedy Trial Act for a trial continuance granted because counsel and witnesses would be on vacation).

7. In evaluating prejudice, a "prime determinant of a violation is whether the delay prejudiced the defendant's ability to prepare a defense." *Gurara*, 2021 WL 5909107, at *4 (quoting *United States v. Roper*, 716 F.2d 611, 614 (4th Cir. 1983)).  This inquiry focuses on "the interests that the speedy trial right was designed to protect." *Trotman*, 406 F. App'x at 807 (quoting *United States v. Grimmond*, 137 F.3d 823, 829 (4th Cir. 1998).  These interests include: "(1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired." *Id*.

WHEREFORE, the Government requests that this Honorable Court reschedule the case from May 1, 2025, to September 3, 2025.

                    Respectfully submitted,

                    Kelly O. Hayes
                    United States Attorney

By:          /s/_____
       Ellen E. Nazmy
       Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 29, 2025, a copy of the foregoing Motion was delivered via ECF to Michael Lawlor, Esq., counsel for the Defendant.

      By: _____/s/_____
            Ellen E. Nazmy
            Assistant United States Attorney